ROLLS RAZOR, INC. v. UNITED STATES

No. 4735.—Invoices dated London, England, April 13, 19, 1939.
Certified April 14, 21, 1939.
Entered at New York May 2, 3, 1939.
Entry Nos. 839203, 840163.

(Decided February 20, 1940)

*Barnes, Richardson & Colburn* (*J. Bradley Colburn* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

DALLINGER, Judge: These appeals to reappraisement involve the question of the dutiable value of certain stropping and honing mech-

anisms, without hones, imported from England and entered at the port of New York. The appeals were submitted on the following stipulation:

It is hereby stipulated and agreed by and between counsel, subject to the approval of the Court, as follows:

1. That the merchandise covered by the above entitled appeals to reappraisement consists of certain stropping mechanisms for honing and stropping safety razors, exported from England in April, 1939. There were also included in said shipments an equal number of handles and blades not involved in this proceeding.

2. That, with the exception of the 500 demonstration razor sets on entry 840163 in reappraisement 133366-A, the stropping mechanisms herein, as imported upon the invoices covered by these reappraisements, did not include hones.

3. That in appraising the merchandise covered by these invoices, the appraiser inadvertently returned all the mechanisms as including hones, and appraised at the foreign values which would have been applicable thereto if the hones had been present.

4. That the foreign values, or prices at which such or similar mechanisms, exclusive of the hones, were offered for sale to all purchasers in usual wholesale quantities in the ordinary course of trade in the principal markets of England during the aforesaid export period, including the cost of all containers and coverings and other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, are as follows:

No. 1 Razor mechanisms £0–14–6, less 30%, 12½% & 3¾%
No. 2     "          "     £0–9–0     "     "     "     "
No. 2–A  "          "     £0–18–9½  "     "     "     "
No. 3     "          "     £1–1–0     "     "     "     "

5. That, with the exception of the 500 demonstration razor sets on entry 840163 in reappraisement 133366–A, the freely offered export values of such or similar merchandise to that involved herein were lower than the foreign values set forth in paragraph 4 of this stipulation.

6. That appraisement of these two importations was completed on July 11, 1939, but no written notices of appraisement were sent to the importer because there had been no advance in value, the entered values also having inadvertently included the values of the missing hones.

7. That appeals to reappraisement were tendered to the collector on July 25, 1939, within 30 days after completion of appraisement, but were rejected by that officer under the principle announced in *George S. Bush & Co.* v. *United States*, Reap. Dec. 4479; that thereafter, these appeals were again tendered the Collector and were accepted by his office and filed as of September 30, 1939, and duly forwarded to this Court on October 2, 1939.

8. That if this Court has jurisdiction to entertain these appeals, the cases are submitted on the foregoing stipulation, agreeing that the correct foreign values of all mechanisms herein, except those included in the 500 demonstration sets covered by reappraisement 133366–A, are as set forth in paragraph 4 of this stipulation.

There being an agreed statement of the facts in the case, the only question at issue is one of law, to wit: Is the plaintiff barred from appealing to reappraisement merely because it did not receive a notice of advance in value from the collector, as prescribed by section 501 of the Tariff Act of 1930.

From the agreed statement of facts it appears that the appraisement was completed on July 11, 1939, and within 30 days thereafter,

to wit, on July 25, 1939, appeals to reappraisement were tendered to the collector, but were rejected by him on the authority of *Geo. S. Bush & Co. Inc.*, v. *United States*, Reap. Dec. 4479, but that later, on September 30, 1939, the said collector accepted the appeals and duly forwarded them to this court.

In my opinion, the above-cited case has no application to the facts herein. In that case, Evans, Judge, said:

> The defendant contends that it is the obligation of the importer to be diligent to the end that he shall learn when an appraisement shall have been made and that in such a case as we have before us *he should have made his appeal to reappraisement within thirty days after said appraisement.* [Italics mine.]

In the instant case it is admitted that the importer was diligent; that he did learn when the appraisement was completed and that thereupon he tendered to the collector appeals therefrom within the 30 days required by law. In our opinion, that tender constituted a constructive compliance with said section 501; and the fact that the collector later accepted the appeals and forwarded them to this court was in effect an admission against interest on his part that his former rejection of the appeals was without warrant of law.

On the established facts and the law applicable thereto I hold that the dutiable value of the merchandise at bar is as follows:

|  |  | *Sterling per each* |  |  |  |
|---|---|---|---|---|---|
| No. 1 Razor mechanisms | | 0–14–6, less 30%, 12½% and 3¾% | | | |
| No. 2 " " | | 0–9 –0 " " " " | | | |
| No. 2–A " " | | 0–18–9½ " " " " | | | |
| No. 3 " " | | 1–1 –0 " " " " | | | |

Inasmuch as no question is raised as to the so-called demonstration razor sets, the appraised value thereof is hereby affirmed. Judgment will be rendered accordingly.